| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>MICHAEL PLANK | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>**09-2665M** |

FILED
CLERK, U.S. DISTRICT COURT
NOV 18 2009
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

Complaint for a violation of Title 18, United States Code, Section 545 (smuggling goods into the United States).

| NAME OF MAGISTRATE JUDGE<br>HONORABLE PAUL L. ABRAMS<br>           SUZANNE H. SEGAL | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br>Los Angeles, CA |
|---|---|---|

| DATE OF OFFENSE<br>November 17, 2009 | PLACE OF OFFENSE<br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) |
|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about November 17, 2009, in Los Angeles County, within the Central District of California, defendant MICHAEL PLANK did fraudulently and knowingly import and bring merchandise, namely, lizards, into the United States contrary to law, in violation of 18 U.S.C. § 545.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:

See attached affidavit which is incorporated as part of this complaint.

MATERIAL WITNESSES IN RELATION TO THIS CHARGE:

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br>MONA IANNELLI |
|---|---|
| | OFFICIAL TITLE<br>SPECIAL AGENT – U.S. FISH & WILDLIFE SERVICE |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE<br>November 18, 2009 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.
[AUSA D. MITCHELL]    REC: DETENTION

# AFFIDAVIT

I, Mona Iannelli, being duly sworn, hereby depose and state:

## I. INTRODUCTION

1.      I am a Special Agent (SA) of the United States Fish and Wildlife Service ("USFWS"), Department of the Interior, and have been employed since August 2008. Prior to working as a Special Agent, I was employed as a Law Enforcement Officer with the United States National Park Service, Department of the Interior for nine years. During my employment with the USFWS, I have conducted and participated in investigations of violations of wildlife law and undergone training in the identification and investigation of wildlife crime. These inquiries and training have included investigations of the illegal domestic and international trade of wildlife and plants. I am presently assigned to the Torrance, California field station.

## II. PURPOSE OF THIS AFFIDAVIT

2.      This affidavit is made for the purpose of establishing probable cause to show that on or about November 17, 2009, Michael PLANK smuggled wildlife, namely, lizards, from Australia into the United States in violation of 18 U.S.C. § 545 (smuggling goods into the United States. This affidavit does not contain all of the facts that I have learned during the course of my investigation in this matter.

## III. OVERVIEW OF APPLICABLE WILDLIFE PROTECTION STATUTES AND REGULATIONS

3.      Federal law requires that all articles being brought into the United States be declared to Customs and Border Protection ("CBP") at the port of first arrival in the United States. 19 C.F.R. § 148.11. Federal law also requires that upon the importation of any wildlife,

1

importers or their agents must file a completed Declaration for Importation or Exportation of Fish and Wildlife (Form 3-177) with the USFWS. 50 C.F.R. § 14.61. In addition, unless otherwise authorized by a USFWS or CBP Officer, a USFWS or CBP officer must clear all wildlife imported into the United States prior to the release of the wildlife from detention by CBP officers. 50 C. F. R. § 14.52 (a). In order to obtain this clearance, the importer is required to provide the CBP or USFWS officer with: (i) all shipping documents (including bills of lading, waybills and packing lists or invoices); (ii) all permits, licenses or other documents required by the laws or regulations of the United States; (iii) all permits or other documents required by laws or regulations of any foreign country; (iv) the wildlife being imported or exported; and (v) any documents and permits required by the country of export or re-export for the wildlife. 50 C.F.R. § 14.52(c) (1) - (5).

4. United States customs laws also prohibits the smuggling of goods into the United States. For instance, 18 U.S.C. § 545 states, in pertinent part, that it is unlawful to fraudulently or knowingly import or bring into the United States any merchandise contrary to law, or to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law.

### IV. PROBABLE CAUSE

5. From my knowledge and experience, all Australian reptiles (including geckos) are protected under Australian law which regulates the export of wildlife including reptiles. The export of live reptiles, such as lizards, is illegal without permit.

6. On November 17, 2009 at approximately 10:30 a.m., I observed PLANK pass

2

through Customs inspection at Terminal Seven at LAX. I also observed CBP officers discover a total of fifteen lizards contained in two separate money belts that PLANK was wearing on his person during Customs inspection. Subsequently, I was informed by USFWS SA Laura Chee that USFWS Inspector Joe Ventura identified the 15 lizards as consisting of 2 geckos, 11 skinks, and two monitor lizards.

7. On November 17, 2009, USFWS SA Paul Montuori and I interviewed PLANK. PLANK was advised of his <u>Miranda</u> rights and signed a voluntary waiver of rights to talk with agents. During the interview, a portion of which was recorded, PLANK told me and SA Montuori that he had collected the lizards from the wild while he was in Australia. He said that he smuggled them on his person because in Australia it is illegal to export reptiles without a permit. PLANK also admitted that he did not have a permit to export the lizards from Australia, and that he did not have a permit to import the lizards into the United States. More specifically, PLANK admitted that he placed the lizards into money belts which were strapped on his body to board his departing flight from Australia to Los Angeles.

8. During the November 17, 2009 interview, PLANK also stated or acknowledged the following:

    a. He had previously smuggled lizards into the United States from Europe in 2004 and in 2007;

    b. He owns the company Big Game Reptiles, and that he runs that company from his residence at the SUBJECT PREMISES;

    c. He uses his computer to run his business, and that the computer is located inside his residence;

3

  d. He keeps all of his reptiles, including two reptiles that he smuggled into the United States from Europe, in his garage;

  e. He keeps the two reptiles that he previously smuggled into the United States from Europe in containers, one of which is labeled either "NV001F" or "NV1F," and the other of which is labeled "NV002F" or "NV2F;" and that

  f. He maintains records for his business at his residence.

9. At the conclusion of the interview, PLANK completed and signed a written affidavit form in which PLANK admitted that:

  a. He knows the special export regulations for the country of Australia, and that all wildlife must have special paperwork to be legally exported from Australia.

  b. He is familiar with import/export regulations in the United States.

  c. An import/export declaration form 3-177, which is a declaration of the animals that are being imported/exported, is required which he failed to submit.

10. I have obtained and reviewed a copy of the Customs Declaration form which PLANK admitted to completing during his interview on November 17, 2009. In answering the question number 11 of that form, which asks whether any meats, animals, or animal/wildlife products are being brought into the United States, PLANK checked off the answer for "no."

11. I have reviewed PLANK'S passenger activity record in the Treasury Enforcement Communications System and noted that PLANK had made eight trips to Australia in the last six years.

12. On November 18, 2009, I checked the PLANK name in the Law Enforcement Management Information System ("LEMIS") database. LEMIS is a USFWS database that,

among other things, tracks and records declarations provided by persons importing or exporting wildlife. Pursuant to 50 C.F.R § 14.61, Federal law requires that upon the importation of any wildlife, importers or their agents must file a completed Declaration for Importation or Exportation of Fish and Wildlife (Form 3-177) with the USFWS. The search of LEMIS indicated that PLANK does not have a recent declaration for importing "reptiles" into the United States.

13. I recently searched the internet for the company Big Game Reptiles. In my search I located the website www.bgr.cc associated with the company. I entered the website www.bgr.cc and observed many species of geckos across the top banner. The welcome message stated, "Big Game Reptiles is a world leader in the breeding of Australian geckos within the genus Nephrurus, commonly called knob-tailed geckos. Our collection consists of the most diverse bloodlines available which ensures our customers receive healthy, well represented animals...." I inspected the site further and found that all of the listed geckos and skinks[1] listed for sale on the website were native to Australia. On the contact page of the website, I noted that questions regarding sales of or information about the reptiles could be sent via email to info@bgr.cc

14. Based on the foregoing, I believe that there is probable cause to show that on

///

---

[1] A skink is a type of lizard.

November 17, 2009 Michael PLANK smuggled reptiles from Australia into the United States, in violation of 18 U.S.C. § 545 (smuggling of goods into the United States).

MONA IANNELLI
Special Agent
United States Fish & Wildlife Service

Subscribed and sworn to before me on this __18__ day of November, 2009.

UNITED STATES MAGISTRATE JUDGE

6